UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE GRISSOM,

        Plaintiff,

v.                                       Case No. 05-C-491

JOHN GOLTZ, et al.,

        Defendant.

**ORDER**

The plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $250.00 in full for this action. 28 U.S.C. § 1915(b)(1). *In forma pauperis* status, if granted, would allow the plaintiff to pay the filing fee in increments and would preclude dismissal of this action solely for the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b).

The PLRA provides, however, that if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has brought four actions that have been so dismissed. Accordingly, he may only proceed *in forma pauperis* in this case if he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003).

The complaint plaintiff seeks to file contains three distinct claims. Plaintiff's first two claims argue that he has been denied access to the courts as well as an opportunity to engage in legal correspondence with his fellow inmates. Clearly, the conduct of the defendants, as it relates to these two claims do not suggest that plaintiff is in imminent danger of serious physical injury. Plaintiff's third claim however, specifically states that plaintiff is in imminent danger as a result of the conduct of defendant Goltz. According to Grissom, on or about January 19, 2005, Goltz handcuffed plaintiff to a hitching post, brutally battered the plaintiff and stuck an unknown object in the plaintiff's rectum, causing it to bleed.

Without addressing the merits of Grissom's third claim, the Seventh Circuit has recognized that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir., 2003). As such, when they allege only a past injury that has not recurred, courts may still deny them leave to proceed *in forma pauperis*. *Id.*, *see, e.g.*, *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

In this case, Grissom complains of an event that took place in January 2005, some two months before he filed this complaint. While that allegation, by itself, would not be enough to allow

2

Grissom to proceed, the complaint also alleges that Goltz made statements that, liberally construed, could be taken as a threat of future harm, that Grissom has been denied medical care for his injuries, and that he continues to suffer great physical and mental pain. These allegations are sufficient to bring his claim against Goltz within the imminent danger exception. Accordingly, Grissom will be allowed to proceed despite the previous dismissals for failure to state a claim.

In order to proceed, however, Grissom must submit a certified copy of his trust fund account statement for the six month period immediately proceeding the filing of his complaint so that a partial filing fee can be assessed. Grissom has failed to do so here. He will be allowed twenty-one days in which to submit his account statement. If he fails to submit the certified statement of account within that time, the action will be dismissed.

**SO ORDERED.**

Dated this  9th  day of May, 2005.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge